UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEVIN IAMS,

          Petitioner,

v.

YAKIMA COUNTY JAIL,

          Respondent.

Case No. C11-0757-MJP-BAT

**REPORT AND RECOMMENDATION**

The Clerk informed petitioner Devin Iams that his 28 U.S.C. § 2254 habeas petition would be subject to dismissal unless he paid the $5.00 filing fee or submitted an application to proceed *in forma pauperis* ("IFP") by June 6, 2011. (Dkt. 2.) To date, petitioner has not responded. Having reviewed petitioner's habeas petition and the record, the Court recommends **DISMISSING** the 28 U.S.C. § 2254 petition without prejudice for failure to exhaust state-court remedies and for failure to prosecute. The Court also recommends **DENYING** issuance of a certificate of appealability.

## I.    DISCUSSION

Petitioner contends that his community custody was wrongfully revoked for failure to comply with reporting and treatment requirements and for possession of marijuana. (Dkt. 1, at

REPORT AND RECOMMENDATION- 1

1.) He seeks to have his revocation overturned, to be permitted the medical use of marijuana, and to have Department of Corrections' policies regarding medical marijuana changed. (*Id.* at 10.) Petitioner notes that although he challenged the revocation through the jail's administrative procedures, he never sought relief from the state-court system. (*Id.* at 2–9.) He also does not specify what constitutional right respondent has violated.

The Court finds that the habeas petition should be dismissed without prejudice. First, petitioner has failed to plead facts to suggest that he exhausted state-court remedies by either (1) fairly presenting each federal claim to the highest state court with jurisdiction to consider it, or (2) showing that no state remedy is available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996); *see* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). Second, petitioner has failed to prosecute this matter by declining to respond to the Clerk's letter directing him to pay the filing fee or to submit an IFP application. (*See* Dkt. 2.) Petitioner should be denied the issuance of a certificate of appealability because no reasonable jurist would disagree with the Court's legal conclusions to dismiss without prejudice under these circumstances.

## II. CONCLUSION

The Court recommends **DISMISSING** the 28 U.S.C. § 2254 petition without prejudice for failure to exhaust state-court remedies and for failure to prosecute. The Court also recommends **DENYING** issuance of a certificate of appealability. A proposed order accompanies this Report

///

///

and Recommendation.

DATED this 27th day of June, 2011.

BRIAN A. TSUCHIDA  
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3